## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KIRK MENARD** | * | CIVIL ACTION NO. 19-cv-00050 |
| **Plaintiff,** | * | |
| **VERSUS** | * | JUDGE JACKSON |
| **TARGA RESOURCES LLC** | * | |
| **Defendant.** | * | MAG. WILDER-DOOMES |

*************************************************

## AMENDED NOTICE OF REMOVAL

TO: The Honorable Judges of the United States District Court for the Middle District of Louisiana

NOW INTO COURT, through undersigned counsel, comes defendant, Targa Resources LLC ("Targa"), who hereby removes from the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana, the following described and captioned lawsuit, and respectfully shows that:

I.

Petitioner for removal is the defendant in a civil action pending in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, entitled and captioned: *Kirk Menard v. Targa Resources LLC.*, Case No. C-678189, Section 22. Copies of the Citations and Petition for Damages are attached as Exhibit A and, based upon undersigned counsel's knowledge and belief, constitute all process, pleadings, and orders served upon petitioner for removal/defendant, or filed in the state court action.

591184.1

II.

Targa has timely filed this Notice of Removal within thirty (30) days after receipt of Plaintiff's Petition for Damages.

III.

Plaintiff's state court action is removable to this Honorable Court, pursuant to 28 U.S.C. § 1332(a) (diversity of citizenship), as the alleged amount in controversy could exceed the sum of $75,000, exclusive of interest and costs, and the controversy is wholly between citizens of different states. Consequently, pursuant to 28 U.S.C. § 1441(a), this case may be removed to this Honorable Court for the following reasons:

A.  At the time of the filing of this Notice of Removal, plaintiff is a citizen of the State of Louisiana.

B.  Targa Resources LLC ("Targa") is a Delaware limited liability company. Targa's sole member is Targa Resources Investments Sub Inc. Targa Resources Investments Sub Inc. is a Delaware Corporation and its principle place of business is in Wilmington, Delaware.

C.  This action involves a claim in which plaintiff's damages allegedly exceed $75,000. Plaintiff alleges that he was wrongfully terminated and retaliated against in violation of state law. The plaintiff claims he is entitled to damages in the form of past and future lost wages, lost future bonuses and benefits, loss of property and associated damages resulting from foreclosure or other adverse actions, emotional and mental distress, damage to his reputation, and attorney's fees.[1]

---

[1] *See* Petition, Ex. A, at ¶ 29.

IV.

A defendant may prove that the jurisdictional limits are met in either one of two ways: (1) by demonstrating that it is facially apparent that the claims are likely above $75,000; or (2) by setting for the facts in controversy that support a finding of the requisite amount.[2] Both are met in this case.

V.

Courts will consider "the nature of the claims and the types of damages sought" to determine whether it is facially apparent that the amount in controversy exceeds the jurisdictional limits.[3] A number of cases have found that it is facially apparent that the amount in controversy requirement was met when a plaintiff sough an extensive assortment of damages.[4] The Fifth Circuit found that a plaintiff's claim for "damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" met the threshold for diversity jurisdiction.[5] In the case before the Court, Plaintiff sought more than double the types of damages as well as "triple damages" for alleged retaliatory termination in violation of La. R.S. 30:2027.[6] Based on this alone, it is facially apparent that Plaintiff seeks damages well beyond the jurisdictional threshold of $75,000.

---

[2] *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[3] *See Chittick v. Farmers Ins. Exch.*, 844 F.Supp. 1153, 155 (S.D. Tex. 1994).

[4] *See Hannah v. Allstate Texas Lloyd's*, EP-11-CV-269-KC, 2011 WL 5325257, at *3 (W.D. Tex. Nov. 2, 2011).

[5] *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F/3d 880, 883 (5th Cir. 2000).

[6] *See* Petition, Ex. A, at ¶ 23.

591184.1

3

Plaintiff's prayer for lost wages includes past and future wages.[7] Plaintiff's employment with Targa was terminated on October 11, 2018.[8] Plaintiff's annual base compensation at the time of his termination was $87,500.00.[9] Using $87,500.00 as his approximate salary, Plaintiff's potential back pay from the date of his termination to this removal is approximately $25,520.83.

Assuming the time to litigate this case through trial lasts at least twelve (12) months, Plaintiff's potential back pay damages increase to approximately $113,020.83. Because Plaintiff seeks "triple damages" under his retaliation claim, he could recover up to $339,062.49 in back pay wages. Based on the claims in Plaintiff's petition, he is seeking more than $75,000.00 in back pay alone; therefore, the jurisdictional requirements for removal are met in this case.

VI.

Because complete diversity exists between plaintiff and defendants and the amount in controversy exceeds the jurisdictional amount required by 28 U.S.C. § 1332, this Honorable Court is vested with federal subject matter jurisdiction over this action. Because defendants are not a citizen of the State of Louisiana, where this action is pending, removal of this action is proper pursuant to 28 U.S.C. § 1441.

VII.

Venue is proper in the Middle District of Louisiana under 28 U.S.C. § 1441(a) because all acts forming the basis of this lawsuit occurred therein.

---

[7] *See* Petition, Ex. A, at ¶ 29.

[8] *See* Petition, Ex. A, at ¶ 15.

[9] *See* Offer of Employment attached as Exhibit "B."

591184.1

VIII.

Less than thirty days have elapsed since receipt by defendants of plaintiff's original Petition filed in the state court action. Therefore, pursuant to 28 U.S.C. § 1446(b), this action has been timely removed to this Court based on diversity jurisdiction, or alternatively base on federal question jurisdiction.

IX.

Upon the filing of this motion, defendant has, at the same time, given written notice to plaintiff, through her counsel, by furnishing copies of this Notice and attachments. Targa has filed a notice of this removal in the state court as well.

WHEREFORE, based upon this Honorable Court's original jurisdiction over diverse citizens, petitioner for removal/defendant, respectfully requests that this case proceed in this Honorable Court, as an action properly removed.

**RESPECTFULLY SUBMITTED:**

/s/ *Kyle A. Ferachi*
Kyle A. Ferachi, LA No. 27458 (Trial Attorney)
David Dugas, LA No. 05134
**McGlinchey Stafford, PLLC**
301 Main Street, Fourteenth Floor
Baton Rouge, Louisiana 70801
Telephone: (225) 383-9000
Facsimile: (225) 343-3076
kferachi@mcglinchey.com
ddugas@mcglinchey.com

**ATTORNEYS FOR TARGA RESOURCES LLC**

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record electronically via the court's CM/ECF system or U.S. Mail, on this the 31st day of January, 2019.

                                   */s/ Kyle A. Ferachi*
                                   Kyle. A. Ferachi