**RETURN COPY**



D1212323

# CITATION

| | |
|---|---|
| **KIRK MENARD** (Plaintiff) | NUMBER C-678189   SEC. 22 |
| VS | 19th JUDICIAL DISTRICT COURT |
| **TARGA RESOURCES LLC, ET AL** (Defendant) | PARISH OF EAST BATON ROUGE<br>STATE OF LOUISIANA |

TO:  TARGA RESOURCES LLC
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS:
CT CORPORATION SYSTEM
3867 PLAZA TOWER DRIVE
BATON ROUGE, LA 70816

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.
You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.
This citation was issued by the Clerk of Court for East Baton Rouge Parish on **JANUARY 10, 2019**.



*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: BERGERON, ROY L, JR

*The following documents are attached:
PETITION

**SERVICE INFORMATION:**

Received on the ____ day of _____, 20____ and on the _____ day of _____, 20____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.
**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.
**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.
**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.
**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20____

I made service on the named party through the CT Corporation.

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

Deputy Sheriff
Parish of East Baton Rouge

JAN 14 2019

by tendering a copy of this document to
☐ Jeannine Beauregard   ☑ Brenna Beauregard
☐                        ☐ Alison Reed

CITATION-2000

Deputy Sheriff, Parish of East Baton Rouge, Louisiana

EXHIBIT A

| | |
|---|---|
| KIRK MENARD | DOCKET NO. _____ DIV. __ |
| | |
| VS. | 19TH JUDICIAL DISTRICT COURT |
| | |
| | PARISH OF EAST BATON ROUGE |
| TARGA RESOURCES LLC | STATE OF LOUISIANA |
| Filed: _____ | _____ |
| | Deputy Clerk |

### PETITION FOR DAMAGES

The petition of Kirk Menard, through undersigned counsel, who respectfully represents and avers the following, to wit:

### PARTIES

1.

Made Defendant herein is **TARGA RESOURCES LLC** ("**TARGA**"), a foreign limited liability company licensed to do business in this state, whose principal business establishment in Louisiana, as designated with the Secretary of State, is located in Baton Rouge. Targa may be served through its registered agent for service of process, C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70816.

2.

Menard is a resident of Jennings, Louisiana, and was formerly employed by Targa prior to his wrongful termination.

### VENUE AND JURISDITION

3.

Venue is proper in East Baton Rouge Parish, Louisiana, pursuant to La. Code Civ. Proc. art. 42 *et seq.*, including article 42(4), as Targa's principal business establishment in Louisiana is located in East Baton Rouge Parish. Further, venue would also be proper under La. Code Civ. Proc. art. 74 in East Baton Rouge Parish as the defendant committed delictual acts and decisions constituting offenses, quasi-offenses, and other tortious breaches of duty or violations of law within such parish.

Page | 1

NON-CERTIFIED COPY

## BACKGROUND FACTS AND BASIS OF CLAIMS

4.

Menard was employed by Targa as an Environmental Safety & Health ("ES&H") Specialist in Venice, Louisiana, from June 11, 2018, until his wrongful termination on October 11, 2018. As part of his duties, Menard was responsible for identifying and reporting violations of environmental and safety standards under state and federal law.

5.

On October 5, 2018, Menard was on a conference call with the Targa operations team. During that call, Menard gave a safety report, and also raised the issue of exceedances of regulatory standards for total suspended solids ("TSS") in water samples. Targa had recently failed water samples on September 28, 2018. Menard knew, and relayed to others on the call, that if Targa failed another sample, Targa would be subject to enforcement action by the Louisiana Department of Environmental Quality.

6.

Near the end of the conference call, Perry Berthelot, a long-tenured Targa employee who currently serves as Targa's District Manager over the area extending from Lake Charles, Louisiana to Hattiesburg, Mississippi, asked Menard to separately call Berthelot after the conference call to discuss possible solutions to the TSS exceedances raised by Menard. Berthelot indicated that he had addressed similar issues in the past and had ideas about how to handle the current exceedances.

7.

After the conference call, Menard called Berthelot as requested, believing that Berthelot would have ideas and suggestions to handle the TSS exceedances based on Berthelot's long tenure and experience working at Targa. Menard had previously been warned by other Targa employees, including some of Menard's superiors, to be careful around Berthelot, as those individuals believed based on their experience that Berthelot could not be trusted. However, due to Berthelot's senior position over Menard, and the fact that Menard was still new on the job, Menard did not believe that he could ignore Berthelot's request for Menard to call him.

8.

During this separate call between Menard and Berthelot, Menard first advised Berthelot that he had learned that Targa was using the wrong type of chlorine tablets to treat Targa's septic system. Because Targa had a commercial septic system, Menard recognized that the "pool"

NON-CERTIFIED COPY

chlorine tablets being used by Targa were inappropriate and not allowed by the EPA, but that Targa should instead be using commercial chlorine tablets designed to handle commercial septic systems like the one used by Targa. Berthelot told Menard that they would address that issue later.

9.

Menard then told Berthelot that he had a plan to address the TSS exceedances in Targa's water samples. Menard told Berthelot that David Smith, who was Menard's immediate supervisor, advised Menard that they would hire a septic expert to evaluate the problem and provide possible solutions. Menard would then take early quarterly samples to determine whether the problem had been addressed, which would give Targa time to take proactive steps to address any issues that may still remain before the normally scheduled quarterly samples were due.

10.

In response, Berthelot told Menard he had a simpler solution. Berthelot told Menard that he could just submit "samples" that consisted of one half actual water samples and one half tap water.

11.

Menard reasonably believed that what Berthelot was suggesting was not only inappropriate but also illegal and in violation of environmental laws, rules, and regulations, including but not limited to the Louisiana Water Control Law, La. R.S. 30:2071 *et seq.*, which imposes criminal and civil liability on individuals or entities that conceal or attempt to conceal discharges, emissions, or disposals of substances into the waters of the state which are in violation of discharge limits. La. R.S. 30:2076(D).[1] In response to Berthelot's illegal suggestion, Menard laughed nervously and told Berthelot that they could not dilute the samples. Menard instead tried to redirect Berthelot to the previously discussed plan to hire a septic expert. Berthelot responded that Menard's plan would cost money.

12.

At the conclusion of the call, Berthelot told Menard they would talk about these issues later.

---

[1] In fact, only a few months prior, the Louisiana Department of Environmental Quality made an arrest for felony violations related to the alteration of water samples in an attempt to meet permit discharge limits. *See* Louisiana Department of Environmental Quality Communications Section, "Lafayette Parish Man Arrested for Knowingly Violating Environmental Permit and Submitting False Reports," (March 21, 2018), available at https://deq.louisiana.gov/assets/docs/News_Releases/CIS/2018/Savoy_violation_CIS.pdf.

NON-CERTIFIED COPY

13.

Immediately following his call with Berthelot, Menard called his immediate supervisor David Smith to report the call with Berthelot, including Berthelot's suggestion that Menard dilute the water samples. Smith told Menard not to worry about Berthelot's instructions, and that they would hire a septic expert as they had previously discussed.

14.

On October 10, 2018, only five days after Berthelot asked Menard, and Menard refused, to illegally dilute water samples, Menard received a telephone call from Jarrod Gregg, the safety supervisor over David Smith. Gregg advised Menard that he had received a complaint of "inappropriate comments" being made by Menard. Gregg asked Menard to work from home until further notice. Gregg did not specify what the alleged inappropriate comments were, where they were made, and to whom they were made. Menard denies making any such inappropriate comments.

15.

The next day, October 11, 2018, Menard received a call from someone by the name of Trisha with Targa's Human Resources department. Jarrod Gregg and David Smith were also on the call, along with Dawn Strickland, another Targa Human Resources representative. Gregg advised Menard that upon review of his overall performance, management decided to end his employment that day. Gregg informed Menard that the decision was made after careful consideration and was final. Gregg did not mention the "inappropriate comments" that Gregg had referenced on the call with Menard just one day prior. Again, although David Smith was present for the call, he did not speak.

16.

At no point during his employment with Targa was Menard written up, given verbal or written warnings, disciplined, put on probation, or otherwise given any indication that he violated any company policies, was at risk of termination, that there were any issues related to his work performance, or that he had engaged in any "inappropriate communications." To the contrary, although he was new to the position, Menard received regular commendation on the work that he was doing and the progress he was making, and Ted Keller, Targa's Area Manager for the area including Venice, Louisiana, to Hattiesburg, Mississippi, even told Menard that his safety meetings were the best that Keller had ever see. By all indications, Menard's work performance

NON-CERTIFIED COPY

during his tenure with Targa was exemplary. Menard never received any paperwork or a "pink slip" stating the purported reason(s) for his termination.

17.

Prior to the filing of suit, and still during Menard's legal representative's investigation of this matter, on or about December 17, 2018, Targa, though its general counsel Elizabeth Hawkins, contacted Menard's legal representatives and represented that Targa was asserting as a basis and reason for Menard's termination that he had allegedly engaged in inappropriate behavior, which included Menard making inappropriate comments about the wives of Targa contractors and/or employees, as well as sharing inappropriate pictures of Menard's wife with others. This was the first time that Targa gave this explanation for Menard's termination, which contradicted the prior reasons that Targa had given during Menard's telephone call with Human Resources, in which Targa indicated that his termination was based upon Menard's allegedly unsatisfactory work performance. However, when asked to produce documentation, the identity of supporting witnesses, statements, or other evidence to substantiate the allegation of "inappropriate behavior" now being claimed as a basis for Menard's termination, Targa was unable to provide any of the requested information to substantiate such allegations.

18.

Further, despite the fact that Targa has claimed at various points in time that its termination of Menard was due to his "inappropriate comments," "work performance," or "inappropriate behavior," Targa gave no reason at all for Menard's discharge in response to Menard's application for unemployment benefits, nor did it take any action to contest or challenge Menard's application for or receipt of such benefits.

19.

On December 20, 2018, Menard submitted a citizen complaint to the Louisiana Department of Environmental Quality regarding the request by Berthelot to dilute water samples, as well as regarding the use of improper chlorine tablets, in order to allow the agency to investigate those violations.

**FIRST CAUSE OF ACTION: VIOLATION OF LOUISIANA ENVIRONMENTAL WHISTLEBLOWER STATUTE, LA. R.S. 30:2027**

20.

Menard repeats and reiterates all of the foregoing allegations as if herein set forth, and in addition, alleges:

NON-CERTIFIED COPY

Case 3:19-cv-00050-BAJ-EWD    Document 1-2    01/28/19    Page 7 of 9

21.

The Louisiana Environmental Whistleblower Statute, La. R.S. 30:2027, prohibits an employer from retaliating against an employee for taking certain actions set forth under the statute. Specifically, the statute provides:

> A. No firm, business, private or public corporation, partnership, individual employer, or federal, state, or local governmental agency shall act in a retaliatory manner against an employee, acting in good faith, who does any of the following:
>
> (1) Discloses, or threatens to disclose, to a supervisor or to a public body an activity, policy, practice of the employer, or another employer with whom there is a business relationship, that the employee reasonably believes is in violation of an environmental law, rule, or regulation.
>
> (2) Provides information to, or testifies before any public body conducting an investigation, hearing, or inquiry into any environmental violation by the employer, or another employer with whom there is a business relationship, of an environmental law, rule, or regulation.

22.

Targa terminated Menard as a result of his refusal to participate in Berthelot's request for Menard to commit an environmental violation, and further as a result of Menard's disclosure of that unlawful request to his supervisor David Smith. In short, Targa terminated Menard because he refused to engage in criminal conduct at the request of management. This retaliatory termination constitutes a violation of La. R.S. 30:2027. *Cheramie v. J. Wayne Plaisance, Inc.*, 595 So. 2d 619, 624 (La. 1992) (refusal to participate in environmental violation is protected activity).

23.

For this retaliatory termination in violation of La. R.S. 30:2027, Targa is liable to Menard for "triple damages resulting from the action taken against him and all costs of preparing, filing, prosecuting, appealing, or otherwise conducting a law suit, including attorney's fees." La. R.S. 30:2027(B).

24.

In addition to any recovery allowed under La. R.S. 30:2027, Menard is entitled to all other civil and criminal remedies that may be allowed under the law. La. R.S. 30:20207(B)(1).

**SECOND CAUSE OF ACTION: VIOLATION OF LOUISIANA EMPLOYEE WHISTLEBLOWER STATUTE, LA. R.S. 23:967**

25.

Menard repeats and reiterates all of the foregoing allegations as if herein set forth, and in addition, alleges:

Page | 6

NON-CERTIFIED COPY

26.

The Louisiana Employee Whistleblower Statute, La. R.S. 23:967, prohibits an employer from retaliating against an employee for taking certain actions set forth under the statute. Specifically, that statute provides:

> A. An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:
>
> (1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
>
> (2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.
>
> (3) Objects to or refuses to participate in an employment act or practice that is in violation of law.

27.

Targa's retaliatory discharge of Menard following Menard's objection to and refusal to participate in an environmental violation and criminal conduct as requested by Berthelot, and as a result of Menard's disclosure of that unlawful request to his supervisor David Smith, constitutes a violation of La. R.S. 23:967.

28.

For violation of La. R.S. 23:967, Targa is liable to Menard for "damages, reasonable attorney fees, and court costs." La. R.S. 23:967(B).

## DAMAGES

29.

As a direct and proximate cause of his unlawful termination by Targa in violation of La. R.S. 30:2027 and/or La. R.S. 23:967, Menard has suffered legally recoverable damages for which Targa is liable. These damages include, but are not limited to:

a) Lost wages;

b) Lost anticipated wages due to lost wage increase and/or lost promotion(s);

c) Lost future bonuses;

d) Lost benefits, including health insurance, life insurance, vacation and sick leave, etc.;

e) Loss of future employer retirement contributions and growth of investments;

f) Loss of property and associated damages resulting from foreclosure or other adverse actions taken against Menard as a result of and following his unlawful termination;

g) Emotional and mental distress;

h) Damage to reputation;

NON-CERTIFIED COPY

i) Court costs;

j) Attorney's fees; and

k) Any and all other damages to be proven at a trial on this matter.

**WHEREFORE**, Plaintiff Kirk Menard prays that after the expiration of all legal delays and due proceedings are had that there be a judgment rendered herein in his favor and against the Defendant, Targa Resources LLC, awarding treble damages as provided under the law, together with legal interest thereon from the date of judicial demand until paid, for all costs of these proceedings, for an award of attorney's fees, and for any and all other damages, penalties, or sanctions reasonable under the premises.

Respectfully submitted:

Simien & Simien, L.L.C.
Attorneys and Counselors At Law
7908 Wrenwood Boulevard
Baton Rouge, Louisiana 70809
(225) 932-9221; (225) 932-9286 (fax)

By: Eulis Simien, Jr., Bar # 12077
Jimmy Simien, Bar # 1598
Mark W. Simien, Bar # 23303
Roy L. Bergeron, Jr., Bar # 33726

**Please Serve the Following:**

Targa Resources, LLC
Through its registered agent for service of process:
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

NON-CERTIFIED COPY