UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KIRK MENARD | CIVIL ACTION |
| VERSUS | NO. 19-50-BAJ-EWD |
| TARGA RESOURCES LLC | |

## NOTICE AND ORDER

Before the Court is a Notice of Removal filed by Defendant Targa Resources LLC ("Targa").[1] Targa removed this matter, which involves Plaintiff Kirk Menard's ("Plaintiff") termination from employment with Targa on October 11, 2018, from the Nineteenth Judicial District Court for the Parish of East Baton Rouge on January 28, 2019.[2] Targa asserts that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[3] The Notice of Removal makes the following allegations regarding the citizenship of the parties:

2

> At the time of the filing of this Notice of Removal, plaintiff is a citizen of the State of Louisiana.

3.

> Targa Resources LLC ("Targa") is a Delaware limited liability company. Targa is 100% owned by Targa Resources Investments Sub Inc., which is a Delaware Corporation.[4]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. In the Notice of Removal,

---

[1] R. Doc. 1.
[2] R. Doc. 1, ¶¶ I, III-(C), VII and R. Doc. 1-2, ¶¶ 3-4.
[3] R. Doc. 1, ¶¶ III, VI.
[4] R. Doc. 1, ¶ III-(A), (B).

citizenship has been adequately alleged as to Plaintiff, and the amount in controversy appears to be met.[5] However, citizenship has not been adequately alleged with respect to Targa in the Notice of Removal.

As set forth above, the Notice of Removal asserts that Targa is a Delaware limited liability company.[6] For purposes of diversity, "the citizenship of a limited liability company is determined by the citizenship of all of its members."[7] Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company.[8]

Targa appears to allege that its only member is "Targa Resources Investments Sub Inc.," (*i.e.*, "Targa is 100% owned by Targa Resources Investments Sub Inc."). Targa Resources Investments Sub Inc. is alleged to be "a Delaware corporation."[9] However, for purposes of diversity, "A corporation is a citizen of its place of incorporation and its principal place of business."[10] Thus, to properly allege the citizenship of a corporation, a party must identify the

---

[5] *See* R. Doc. 1, ¶ V (Referencing Plaintiff's claim for triple damages for alleged retaliatory termination in violation of La. R.S. 30:2027 and his claim for lost past and future wages. Targa avers that triple lost wages over one year of anticipated litigation based on an $87,500 annual salary (*see* R. Doc. 1-3) is $339,062.49, with $25,520.83 in back pay to-date, from Plaintiff's October 11, 2018 termination to the January 28, 2019 removal.) *See also* R. Doc. 1-2, ¶¶ 23-24 (claiming triple damages, costs and attorney's fees, and all other civil and criminal remedies allowed pursuant to La. R.S. 30:2027), ¶ 28 (claiming damages, attorney's fees and court costs pursuant to La. R.S. 23:967 (B)), ¶ 29 (claiming past and future lost wages, lost future bonuses, lost benefits, etc., loss of property, emotional distress, damage to reputation, court costs and attorney's fees).
[6] R. Doc. 1, ¶ III-(B).
[7] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).
[8] *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007). ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).
[9] R. Doc. 1, ¶ III-(B).
[10] 28 U.S.C. § 1332(c). *See also, Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").

place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c). Targa's citizenship allegation as to Targa Resources Investments Sub Inc. is deficient because it fails to clearly identify that entity's place of incorporation and principal place of business.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Targa Resources LLC shall have seven (7) days from the date of this Order to file a motion to substitute is Notice of Removal[11] with a proposed pleading that is a comprehensive amended Notice of Removal (*i.e.*, includes all of Targa's numbered allegations, as revised, supplemented, and/or amended), which adequately alleges the citizenship of all parties to establish that the Court has diversity jurisdiction over the case and which will become the operative Notice of Removal in this matter without reference to any other document in the record.

Signed in Baton Rouge, Louisiana, on January 29, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] R. Doc. 1.