UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KIRK MENARD                                                       CIVIL ACTION

VERSUS

TARGA RESOURCES LLC.                          NO.: 19-00050-BAJ-RLB

## RULING AND ORDER

Before the Court is Defendant Targa Resources LLC's **Rule 12(b)(6) Motion to Dismiss the Petition for Damages. (Doc. 10)**. In response, Plaintiff Kirk Menard filed a First Amending and Superseding Complaint for Damages (Doc. 14), in addition to an opposition to Defendant's Motion to Dismiss (Doc. 15). Also before the Court is **Defendant's Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 19)**. Plaintiff filed an opposition to this motion. (Doc. 20). For the reasons stated below, Defendant's motions are **DENIED**.

I.     BACKGROUND

This matter arises from allegations that Plaintiff was wrongfully terminated in retaliation for alerting his immediate supervisor of Targa's alleged attempts to deceive the Louisiana Department of Environmental Quality ("LDEQ"). Plaintiff was employed by Targa as an environmental Safety & Health Specialist.[1] (Doc. 1 at ¶ 4). Plaintiff alleges that on October 5, 2108, he participated in a conference call with the

---

[1] According to Plaintiff, the role of an Environmental Safety & Health Specialist is to identify and report violations of environmental and safety standards under state and federal law. (Doc. 1 at ¶ 4).

1

Targa operations team, during which he informed company officials that the levels of total suspended solids ("TSS") in Targa's septic tanks exceeded regulatory limits. (Doc. 1 at ¶ 5). Plaintiff asserts that near the end of the call, Targa's district manager, Perry Berthelot, asked Plaintiff to call him to discuss possible solutions to the high TSS levels. (*Id.* at ¶ 6). Plaintiff claims that despite being warned to be wary of Berthelot by other employees, Plaintiff felt compelled to call him. (*Id.* at ¶ 7). Plaintiff avers that during the conversation, Berthelot encouraged him to dilute the septic system water samples with tap water to deceive the LDEQ. (*Id.* at ¶ 10). Plaintiff claims that he found Berthelot's suggestions to be inappropriate and possibly unlawful, and reported the conversation to his immediate supervisor, David Smith. (*Id.* at ¶¶ 11-13). Plaintiff claims that he did not dilute any of the water samples. (*Id.* at ¶ 14). Plaintiff avers that on October 10, 2018, he received a phone call from Harrod Gregg, a safety supervisor, alleging that he had received a complaint of "inappropriate comments" and that on the next day, Plaintiff was fired. (*Id.* at ¶¶ 14-15). Plaintiff brought claims against Defendant for violations of the Louisiana Environmental Whistleblower Statute ("LEWS")[2] and the Louisiana Employee Whistleblower Statute. ("LWS")[3]

Defendant moved to dismiss Plaintiff's petition for damages on the grounds that Plaintiff's LWS claim was superseded by the more specific LEWS claim, and that the petition failed to alleged sufficient facts to show that Plaintiff believed that

---

[2] La. R.S. 30:2027

[3] La. R.S. 23:967

2

Targa's actions constituted a violation of an environmental law. (Doc. 10-1 at pp. 1-2). In response to Defendant's motion to dismiss, Plaintiff filed a "First Amending and Superseding Complaint for Damages" which abandoned the LWS claim. (Doc. 14). Defendant also moved to dismiss the first amending complaint. (Doc. 19).

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable

to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

## III. DISCUSSION

Defendant argues that the LEWS claim supersedes the LWS claim, as the LEWS statute is a more specific version of the LWS statute, and therefore should apply to this lawsuit. *Collins v. State ex rel. Dept of Natural Resources*, 2012-1031 (La. App., 1 Cir. 5/30/2013) (holding that where both a general statute and a specific statute covers the same subject matter, the more specific statute should govern). The Court need not reach the merits of this claim, as Plaintiff's First Amending Superseding Complaint for Damages abandons any claims made under LWS.

What remains are Plaintiff's 12(b)(6) motions to dismiss both the original petition for damages and the amended complaint.

### A. Petition for Damages

Defendant argues that Plaintiff fails to allege facts showing that Plaintiff believed that an activity, policy, or practice of Targa constituted a violation of constitutional law, rule, or regulation. (Doc. 10-1 at p. 5). Defendant further argues that Plaintiff hasn't established any causal connection between his firing and the conversation Plaintiff had with Berthelot. Specifically, Defendant claims that at the time Plaintiff alerted Smith of the conversation with Berthelot, no illegal activity had occurred. (Doc. 10-1).

The Court disagrees. "To make a claim for retaliation under LEWS, there must be a showing of illicit motivation." *Powers v. Vista Chem. Co.*, 109 F.3d 1089, 1094

4

(5th Cir. 1997). Further, an employee must allege that he reasonably believed the complained of action violated an environmental law, rule or regulation to support a claim of retaliation. La.Rev.Stat. Ann. § 30:2027(A)(1).

The Supreme Court of Louisiana has found, however, that reporting a threat of potentially illegal activity is also protected under LEWS. *Cheramie v. J. Wayne Plaisance, Inc.*, 595 So. 2d 619, 623 (La. 1992) (holding that the plaintiff properly pleaded a claim under LEWS when he was fired after complaining about his employer's intention to violate several state and federal environmental laws). Although Defendant argues that there have been no allegations of an actual violation of law, such question is not the touchstone for whether Plaintiff is protected under LEWS.

Further, the *Cheramie* ruling was cited in *Borcik v. Crosby Tugs, L.L.C.*, 2016-1372 (La. 5/3/17), 222 So. 3d 672, 677, wherein the Louisiana Supreme Court held that LEWS protects employees from retaliation for, in good faith, reporting *possible* environmental violations. (emphasis added). Finally, the Court in *Borcik* also held that the term "good faith" must be read liberally, and that an employee must act "with an honest belief that a violation of an environmental law, rule, or regulation occurred." *Id.* Under the terms of LEWS and the *Cheramie* and *Borick* decisions, Plaintiff need only to believe that the *proposed* action was unlawful, which Plaintiff clearly articulated in his Petition for damages. Furthermore, under *Borcik*, even if the proposed action was not ultimately unlawful, Plaintiff need only to establish a good faith reason for believing that it was unlawful in order to be protected by LEWS.

The Court finds that Plaintiff has pleaded facts that lead to the reasonable inference that he believed that it was unlawful for a high-ranking employee to instruct him to tamper with water samples to deceive regulatory authorities.

Defendant further argues that there have been no allegations of a causal link between Plaintiff complaining of Berthelot's instructions and Plaintiff's termination. Again, the Court disagrees. The standards for a properly pleaded complaint are relatively low. All that is required is for a plaintiff to plead facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Further, the complaint need not set out "detailed factual allegations." *Twombly*, 550 U.S. at 555.

Plaintiff alleged that he was terminated a mere six days after raising concerns about Berthelot's instructions to Smith. Plaintiff also claims that the reasons given for his termination were that he made "inappropriate comments," which Plaintiff alleges could only refer to his conversation with Smith about Berthelot's potentially unlawful instructions. The Court finds that these allegations are sufficient to sustain a reasonable inference that retaliation for Plaintiff's protected statements was the cause of his termination. Defendant's Motion to Dismiss Plaintiff's Petition for Damages is DENIED.

### B. Amended Complaint

In the Motion to Dismiss Plaintiff's amended complaint, Defendant re-urges the argument that Plaintiff failed to disclose an incident that "actually occurred," and therefore cannot make a claim under LEWS. For the reasons offered regarding

Defendant's Motion to Dismiss Plaintiff's Petition for Damages, this issue shall not be addressed again.

Defendant also alleges that Plaintiff is ineligible for protection under LEWS because it was his duty to report environmental issues and potential violations. *English v. Wood Group PSN, Inc.* 2015 WL 5061164, at *14. (holding that because whistleblowing and reporting activity were the plaintiff's primary work duties, the plaintiff could not state a claim under LEWS). According to Plaintiff's petition for damages and amended complaint, his job duties required him to discuss compliance with environmental laws and to suggest solutions for areas where Targa was out of compliance.

The Court finds that Defendant's arguments are unavailing at this stage of the case. Although Plaintiff makes claims about the nature of his job duties, he also intimates that refusing to dilute water samples and being forced to report Berthelot's actions to his supervisor fall outside of his job duties. Notwithstanding the allegations made thus far, the extent of Plaintiff's job duties has not been fully explored at this stage of the litigation. Plaintiff's amended complaint makes sufficient factual allegations to meet the applicable evidentiary standard to survive a motion to dismiss. Defendant's motion to dismiss Plaintiff's amended complaint is DENIED.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Rule 12(b)(6) Motion to Dismiss the Petition for Damages. (Doc. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 19) is **DENIED**.

Baton Rouge, Louisiana, this 6th day of September, 2019.

**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**