## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

KIRK MENARD                                    CIVIL ACTION NO.

VERSUS                                         19-50-BAJ-EWD

TARGA RESOURCES, LLC

### RULING AND ORDER

Before the Court is the Motion to Compel Discovery (the "Motion"), filed by Targa Resources, LLC ("Targa").[1] Kirk Menard ("Plaintiff") has filed an Opposition[2] and Targa filed a Reply.[3] The Motion was also argued at an in-person conference on October 7, 2019.[4] For the reasons set forth below, the Court grants the Motion.[5]

**I. Background**

Plaintiff contends that Targa terminated his employment on October 11, 2018 in violation of the Louisiana Environmental Whistleblower Statute, La. R.S. 30:2027.[6] Targa alleges that it terminated Plaintiff's employment for legitimate, non-retaliatory reasons, including Plaintiff's "inappropriate comments" and "inappropriate behavior," one example of which involves Plaintiff allegedly discussing and/or showing an inappropriate photograph to Plaintiff's co-workers in the work place, which violated Targa's workplace policies.[7] It is undisputed that the photograph at issue was sent via text message to Plaintiff's personal cell phone by Plaintiff's then-fiancée and depicted the

---

[1] R. Doc. 41
[2] R. Doc. 46.
[3] R. Doc. 49.
[4] R. Doc. 44.
[5] "A motion to compel is a nondispositive, pretrial discovery motion." *Tingle v. Hebert,* No. 15-626-JWD-EWD, 2017 WL 2543822, at *1 (M.D. La. June 12, 2017) *citing State Farm Mut. Auto. Ins. Co. v. Friedman*, No. 98-2918, 2002 WL 649417, at *1 (N.D. Tex. Jan. 14, 2002) (*citing Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995)). *See Turner v. Hayden*, No. 15-2282, 2016 WL 6993864, at *1 (W.D. La. Nov. 29, 2016) ("The decision by Magistrate Hornsby to deny Turner's Motion to Compel Discovery is a non-dispositive matter."); *In re Tex. Bumper Exchange, Inc.*, No. 05-50305, 333 B.R. 135, 138 (Bankr. W.D. Tex. Sept. 26, 2005) (holding bankruptcy court's order granting motion to compel discovery was an interlocutory order as the order concerned a nondispositive discovery issue and did not dispose of the merits of litigation).
[6] R. Doc. 14, ¶¶ 20, 24.
[7] R. Doc. 41-1, p. 5.

pregnant fiancée's hemorrhoids (hereinafter, "the Photograph").[8] On July 22, 2019, Targa deposed Plaintiff, at which time Plaintiff admitted that he received the Photograph and testified that the Photograph is in the possession of his counsel.[9] Targa then propounded its Second Set of Requests for Production to Plaintiff. Requests 1 and 2 (the "Requests") seek production of the Photograph and any other documents "depicting, relating to, or referencing hemorrhoids" received by Plaintiff on Targa's premises.[10] Plaintiff objected to the Requests on several grounds.[11]

On September 27, 2019, Targa filed this Motion, seeking to compel production of the Photograph. The Motion alleges that the Photograph is directly relevant to Targa's reasons for terminating Plaintiff's employment, particularly because Plaintiff testified that he knew showing the Photograph to a co-worker would violate Targa's anti-harassment policies and subject Plaintiff to termination.[12] Targa argues that production of the Photograph will enable "the factfinder [to] verify that a specific photograph was truly shown to a co-worker during business hours which then violated the company's policies resulting in termination of employment," and there is no other way of authenticating what Plaintiff's co-worker claims to have seen.[13] Targa argues that Plaintiff's objections are boilerplate and meritless because they do not offer any explanation as to how the objections relate to production of the Photograph.[14] Targa recognizes that the Photograph is "potentially sensitive" but suggests that any privacy concerns are alleviated by the Parties' Joint Stipulated Confidential Order ("Protective Order") that was entered by the Court on August 12, 2019.[15] Targa also asserts that Photograph is not intrusive or identifiable to anyone, and does not

---

[8] R. Doc. 41-1, pp. 4-5 and R. Doc. 46, p. 3. The parties do not dispute what is depicted in the Photograph, although Plaintiff disagrees that he showed the Photograph to a co-worker.
[9] R. Doc. 41-4, pp. 179-81.
[10] At the October 7, 2019 hearing, the parties clarified only the one Photograph is at issue.
[11] R. Doc. 41-3, pp. 3-4 and R. Doc. 41-1, pp. 3-4, 6-7.
[12] R. Doc. 41-1, p. 5 *and see* Plaintiff's Reply at R. Doc. 49, p. 4.
[13] R. Doc. 49, p. 6.
[14] R. Doc. 41-1, pp. 5, 8.
[15] R. Doc. 41-1, p. 5, *citing* R. Doc. 33.

have any sentimental value such that it is "intrusively private in nature."[16] Targa argues that Plaintiff has not shown how production of the Photograph is harassing or will increase the cost of litigation since all that Targa seeks is one photograph that is already in the possession of counsel.[17]

During the October 7 conference, Targa reiterated that it seeks production of the Photograph so that it can adequately present its defenses to Plaintiff's claims, *i.e.*, that Plaintiff was terminated for inappropriate workplace behavior when he showed the Photograph to a co-worker and/or discussed same while in the workplace. Plaintiff argued that the Photograph is not relevant because Targa does not need the Photograph to establish its defense, the Requests are only sought to harass Plaintiff, and production of the Photograph will invade the privacy of Plaintiff's fiancée.

Plaintiff contends that he did not show the Photograph to anyone but discussed it with only one co-worker, Nicholas Richard ("Richard"), who was not involved in the decision to terminate Plaintiff.[18] Plaintiff also argues that the deposition testimony reflects that none of the decision makers have ever seen the Photograph and no one from Targa discussed the incident with Plaintiff or Richard to confirm whether Plaintiff showed the picture to Richard. Thus, according to Plaintiff, the Photograph could not have been a basis for Plaintiff's termination. Even though Richard testified (and Targa asserts) that Plaintiff showed Richard the Photograph, since Richard only mentioned seeing the Photograph to two other co-workers and did not "report" the incident to Targa, and Richard only answered a question from a Targa manager about the Photograph "in passing" after Plaintiff's termination, Plaintiff claims that the Photograph is irrelevant to Plaintiff's claims or Targa's defenses.[19]

---

[16] R. Doc. 49, pp. 5-6, *distinguishing Cockrum v. Johnson,* No. 93-230, 917 F.Supp. 479, 481 (E.D. Tex. Feb. 12, 1996), upon which Plaintiff relies.
[17] R. Doc. 41-1, pp. 6, 8.
[18] Targa contends that Plaintiff's deposition testimony indicates that Plaintiff may have discussed and/or shown the photograph to more than one co-worker. R. Doc. 49, p. 4 (citations to Plaintiff's testimony omitted).
[19] R. Doc. 46, pp. 3-5 (citations to the deposition testimony of several deponents omitted).

Even if the Photograph is relevant, Plaintiff argues that, because Targa seeks production of the Photograph only to annoy and embarrass Plaintiff and his fiancée, who sent the Photograph to Plaintiff to seek medical advice, the Motion should be denied. Plaintiff argues that Plaintiff's fiancée will be unable to adequately protect her privacy if the Photograph is produced because she is not a party. Plaintiff contends that production pursuant to the parties' Protective Order does not minimize the invasion of privacy that Plaintiff and his fiancée will face if the Photograph is produced.[20] Plaintiff therefore asserts that his and his fiancée's privacy rights outweigh the probative value of the Photograph, even if Plaintiff (arguably) showed the Photograph to Richard.[21] Further, because it is not disputed that Plaintiff received the Photograph at work, Plaintiff argues that production of the Photograph is unnecessary and that Targa will not be able to prove that Plaintiff showed the Photograph to Richard even if the Photograph is produced.[22] Finally, Plaintiff also seeks a Fed. R. Civ. P. 37 protective order from the Court, prohibiting Targa from engaging in any further efforts to seek discovery of the Photograph, for the same reasons.[23]

## II. Law and Analysis

### A. Legal Standard

Under the Federal Rules of Civil Procedure, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[24] and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

---

[20] R. Doc. 46, p. 9.
[21] R. Doc. 46, pp. 4, 6-9, *citing Cockrum,* 917 F.Supp. at 482 (other case citations omitted).
[22] R. Doc. 46, p. 8.
[23] R. Doc. 46, pp. 9-10.
[24] *Crosby v. Louisiana Health Service and Indem. Co.,* 647 F.3d 258, 262 (5th Cir. 2011) ("Generally, the scope of discovery is broad and permits the discovery of 'any nonprivileged matter that is relevant to any party's claim or defense.'"), *citing* Fed. R. Civ. P. 26(b)(1) and *Wyatt v. Kaplan,* 686 F.2d 276, 283 (5th Cir. 1982).

outweighs its likely benefit.[25] The Court must additionally limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."[26]

Further, Rule 34 of the Federal Rules of Civil Procedure provides for the discovery of documents and tangible things:

> (a) In General. A party may serve on any other party a request within the scope of Rule 26(b):
> (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
> (A) any designated documents or electronically stored information-- including writings, drawings, graphs, charts, **photographs**, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form…. (emphasis added)

Under Rule 34, a party has 30 days after service of discovery to respond or object in writing to the request for production.[27] If a party fails to respond fully to a request for production in the time allowed by Rule 34(b)(2)(A), the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. "An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."[28] "Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections."[29] "A party objecting to discovery 'must state with specificity the objection and how it

---

[25] Fed. R. Civ. P. 26(b)(1).
[26] Fed. R. Civ. P. 26(b)(2)(C).
[27] Fed. R. Civ. P. 34(b)(2)(A).
[28] Fed. R. Civ. P. 37(a)(4).
[29] *Vasquez v. Conquest Completion Services, LLC,* No. 15-188, 2018 WL 3611891, at *2 (W.D. Tex. Jan. 10, 2018) *citing Cheshire v. Air Methods Corp*, No. 15-933, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015) (*citing McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'"[30]

### B. The Photograph is Relevant and Must Be Produced Subject to the Protective Order

The Photograph is relevant to Targa's defenses. Plaintiff alleges that he was wrongfully terminated for whistleblowing.[31] In response, Targa contends that Plaintiff was terminated for engaging in "inappropriate comments" and/or "inappropriate behavior,"[32] one example of which was Plaintiff's inappropriate conduct in either showing the Photograph to, or discussing the Photograph with, one or more of his co-workers. As the Photograph comprises the basis of (at least one of) Targa's defenses to Plaintiff's claims, Targa has established that the Photograph is relevant and subject to discovery, which is broad. Plaintiff's arguments against relevancy of the Photograph are not persuasive because they would require a determination as to the merits of claims or defenses during the discovery process, which infringes on the role of the trier of fact. For example, while Plaintiff contends that his actions with respect to the Photograph could not have factored into Targa's termination decision, Richard testified that Plaintiff showed the Photograph to him[33] and there is deposition testimony that management was apprised of the Photograph prior to Plaintiff's termination.[34] Although Plaintiff is correct that he has admitted he received the Photograph during work hours and that he discussed the content of the Photograph with Richard at work such that it may

---

[30] *Vasquez,* 2018 WL 3611891 at *2, *citing Cheshire,* 2015 WL 7736649 at *4 (*quoting Reyes v. Red Gold, Inc.*, No. 05-191, 2006 WL 2729412, at *1 (S.D. Tex. Sept. 25, 2006)).
[31] R. Doc. 14, ¶¶ 4, 20.
[32] R. Doc. 41-1, p .5.
[33] Although Plaintiff disputes that he showed the Photograph to Richard, Richard repeatedly testified in his deposition that Plaintiff showed him the Photograph and that Richard did not want to see it. *See* R. Doc. 46-3.
[34] *See* Targa Area Manager Theodore Keller's testimony as a Targa corporate representative at R. Doc. 46-5, p. 43, 77-79, where Keller testified that, prior to Plaintiff's termination, he was apprised by a Targa employee and contractor about Plaintiff's alleged showing of the Photograph and then contacted Plaintiff's direct supervisor David Smith ("Smith") to discuss it. Keller then spoke with Smith's supervisor, Jarrod Gregg, the next day about it and ultimately spoke with Richard. *Id.* at pp. 45-46, 83-84, 87, 93-94. Plaintiff does not dispute that Gregg terminated him. *See* R. Doc. 46, p. 2. Moreover, to the extent there is a conflict between Richard and Keller's testimony regarding when Keller spoke with Richard about the Photograph (as Plaintiff avers that Keller questioned Richard about it after the termination, R. Doc. 46, p. 5), that is a fact issue to be resolved by the factfinder. The conflicting testimony does render the Photograph irrelevant.

not be necessary for Targa to submit the actual photograph at the trial, discovery is not limited only to information that will be admissible at trial.[35] Based on the information submitted, Targa has sufficiently demonstrated that the Photograph is relevant to at least one of Targa's defenses.

Plaintiff has also not borne his heavy burden of showing that the Photograph should be protected from production. As the one Photograph is already in the possession of Plaintiff's counsel, production of the Photograph to Targa is not disproportional to the needs of the case. Because the Photograph is relevant, Plaintiff has not shown that Targa seeks production of the Photograph merely as a means of harassing, embarrassing, or annoying Plaintiff. With regard to privacy concerns, as the Photograph has been described by both parties, it will not be possible for Plaintiff's fiancée to be identified from the Photograph itself. Additionally, the Court has entered a Protective Order[36] and will order production of the Photograph subject to the Protective Order and designated "Confidential—Attorney's Eyes Only," which will restrict those persons who have access to it and how it can be utilized.[37] When Plaintiff brought this lawsuit against Targa, contesting the grounds for his termination he placed that decision at issue, which necessarily meant possible discovery into information that may be private, sensitive, and/or confidential, if such information is relevant and proportional to the needs of the case. Although Plaintiff argues that his fiancée will not be able to adequately protect her privacy interests since she is not a party to this case, Plaintiff has argued his fiancée's privacy interests in opposition to this Motion, so there is no reason to believe that Plaintiff would not continue to attempt to protect his fiancées' privacy interests at later stages of the litigation,

---

[35] Fed. R. Civ. P. 26(b)(1), *and see Terral v. Ducote,* No. 15-2366, 2016 WL 5017328, at *2 (W.D. La. Sept. 19, 2016) ("The courts understand [Fed. R. Civ. P. 26(b)] to provide for broad and liberal discovery. *See Schlagenhauf v. Holder*, 379 U.S. 104, 114-15, 85 S.Ct. 234 (1964); *Hickman v. Taylor, No. 47*, 329 U.S. 495, 507, 67 S.Ct. 385 (1947). Nonetheless, the scope of discovery is limited by relevance, albeit 'relevance' is to be broadly construed. *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982)."); *Plaisance v. Beef Connection Steakhouse,* No. 97-0760, 1998 WL 214740, at *1 (E.D. La. Apr. 30, 1998) ("Relevance is therefore defined more broadly for discovery than it is in the context of a trial. *See* Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2008 at 99 (1994) ('The Rule requires only that the information sought be 'relevant to the subject matter involved in the pending action.' This is an explicit recognition that the question of relevancy is to be more loosely construed at the discovery stage than at the trial.').")
[36] R. Doc. 33.
[37] R. Doc. 33, pp. 4-5.

if necessary. Under these facts, Plaintiff's objections are outweighed by the Photograph's relevance to Targa's defenses and the fact that there is adequate protection for the privacy interests of Plaintiff and his fiancée during the pretrial process.[38] [39]

**III. Conclusion**

The Photograph that is the subject of Targa's Second Set of Requests for Production is relevant to Targa's defenses in this case and production is proportional to the needs of the case. Further, the relevance and proportionality outweigh Plaintiff's objections to the production.

Accordingly,

**IT IS ORDERED** that the Motion to Compel, filed by Defendant Targa Resources, LLC, is **GRANTED** and Plaintiff shall produce the photograph described herein to Targa by no later than **January 22, 2020.**[40]

---

[38] As noted above, the undersigned makes no determination as to whether the Photograph is admissible at trial.

[39] Plaintiff's authority is not controlling and/or distinguishable. In *Cockrum*, 417 F.Supp. 479, the court found that the letters between the plaintiff and his daughter sought by the State in discovery were of minimal relevancy. Specifically with respect to privacy, the *Cockrum* court found that the letters were the "primary link of communication between Cockrum [on death row] and his daughter [who was only 4 when the plaintiff was incarcerated], and production of the letters "would compromise, if not sever, that link." *Id.* at 481-82. There has been no showing that production of the Photograph will compromise the relationship of Plaintiff and his fiancée, and in this case, the relevancy of the Photograph outweighs the privacy interests, particularly in light of the fact that the Photograph does not contain any identifying characteristics of Plaintiff's fiancée. Further, in *Cockrum*, the State could obtain the underlying information in the letters from other sources, including letters produced by the plaintiff's mother that plaintiff wrote to her that were contemporaneously written to the letters to his daughter. *Id.* at 482. Here, Defendant does not have another source from which to obtain the Photograph. Next, while *Choate v. State Farm Lloyds*, No. 03-2111, 2005 WL 1109432 (N.D. Tex. May 5, 2005) contains the language cited by Plaintiff at R. Doc. 46, p. 6, *i.e.*, "the Court may, in appropriate circumstances, limit or prohibit the discovery of materials, in order to protect a person's privacy interests," and, "[d]iscovery restrictions are generally appropriate only to protect information which is sufficiently private so that a reasonable individual would not want it publicly disclosed," the *Choate* court actually ordered the production of the information (subject to a protective order) sought by the plaintiffs, *i.e.*, the names and addresses of policyholders who complained regarding the quality of work of the defendants' contractor, because the information was relevant to similar complaints of the plaintiffs and because there was no showing that plaintiffs would harass the policyholders or invade their privacy. *Id.* at *3. Finally, in *Halloran v. Veterans Admin.*, 874 F.2d 315, 321 (5th Cir. 1989) the court permitted the production of audio taped conversations, which were redacted to delete identifying information as to suspects and medical information of one party, because it found that the information withheld by the defendant, the government, came within the FOIA exemption for "records or information compiled for law enforcement purposes [the disclosure of which] ... (C) could reasonably be expected to constitute an unwarranted invasion of privacy." *Id.* at 317. *Halloran* is thus distinguishable because it involved a redacted production by the government pursuant to a FOIA exemption, which is not at issue here.

[40] Although the Motion is granted, due to the Photograph's sensitive subject matter, Plaintiff had a good faith basis to oppose production, such that an award of expenses and fees would be unjust. Fed. R. Civ. P. 37(a)(5).

**IT IS FURTHER ORDERED** that production of the photograph is expressly made subject to the parties' Protective Order[41] and the photograph shall be designated "Confidential-Attorney's Eyes Only."

**IT IS FURTHER ORDERED** that Plaintiff's request for a protective order shielding production of the photograph, as requested in Plaintiff's Opposition,[42] is **DENIED**.

Signed in Baton Rouge, Louisiana, on January 16, 2020.

                                           **ERIN WILDER-DOOMES**
                                           **UNITED STATES MAGISTRATE JUDGE**

---

[41] R. Doc. 33.
[42] R. Doc. 46, pp. 9-10.