## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KIRK MENARD**                                        **CIVIL ACTION**

**VERSUS**

**TARGA RESOURCES LLC**                    **NO. 19-00050-BAJ-SDJ**

### RULING AND ORDER

Before the Court is Defendant's **Motion In Limine (Doc. 77)** and Plaintiff's **Motion In Limine To Exclude Introduction Of Photograph (Doc. 78)**. Both motions are opposed. (Doc. 82; Doc. 83). For the reasons stated herein, Defendant's Motion (Doc. 77) is **GRANTED IN PART** and **DENIED IN PART**, and Plaintiff's Motion (Doc. 78) is **DENIED**.

### I.    FACTS

This is an employment retaliation case. (Doc. 14; Doc. 74). Plaintiff alleges that he was retaliated against when Defendant terminated his employment on October 11, 2018, in violation of the Louisiana Environmental Whistleblower Statute, La. Rev. Stat. § 30:2027. (Doc. 14, p. 2, 9–10; Doc. 74, p. 1). Defendant asserts that it terminated Plaintiff's employment for non-retaliatory reasons, including Plaintiff's alleged inappropriate conduct. (Doc. 42, p. 3–5; Doc. 74, 6–7). This matter is set for a bench trial. (Doc. 111).

1

## II.    LEGAL STANDARD

The party objecting to the admissibility of evidence bears the burden of showing that the evidence is inadmissible. *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 295 (5th Cir. 2010).

### a.  Relevance and Prejudice

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise. Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The United States Court of Appeals for the Fifth Circuit has explained, however, that while "excluding relevant evidence in a bench trial because it is cumulative or a waste of time is clearly a proper exercise of the judge's power, [] excluding relevant evidence on the basis of 'unfair prejudice' is a useless procedure." *Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981).

### b. Hearsay

Under the Federal Rules of Evidence, hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(1)–(2). Hearsay is not admissible unless a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court" provide otherwise. Fed. R. Evid. 802. After a party properly objects to the admission of evidence as hearsay, the proponent of the evidence bears the burden to show that the statement is not offered as hearsay or falls within an exception to the hearsay rule. *Dempster v. Lamorak Ins. Co.*, No. CV 20-95, 2020 WL 5552681, at *3 (E.D. La. Sept. 16, 2020) (citations omitted).

## III.   DISCUSSION

### a. Defendant's Motion in Limine

Defendant seeks to exclude the following evidence: (1) Defendant's response to Plaintiff's Louisiana Workforce Commission unemployment claim and the Louisiana Workforce Commission's decision on Plaintiff's unemployment claim (Doc. 77-2); (2) Louisiana Department of Environmental Quality's "Notices of Deficiency, Deficiency Clear Letter, Warning Letter, Expedited Penalty Agreement, violations, or penalties issued against [Defendant]" (Doc. 77-6–Doc. 77-8); (3) Plaintiff's recorded telephone call with Brogan Smith (Doc. 77-3); (4) Plaintiff's recorded telephone call with Matthew Fitzgerald (Doc. 77-4); and (5) information regarding Perry Berthelot's character or reputation (Doc. 77-4). (Doc. 77, p. 2).

For the reasons stated below, the Court finds that the Louisiana Workforce Commission and Louisiana Department of Environmental Quality documents are admissible. (Doc. 77-2; Doc. 77-6–Doc. 77-8). Additionally, the Court finds that the transcripts of Plaintiff's telephone calls with Smith and Fitzgerald are inadmissible. (Doc. 77-3–Doc. 77-4).

### i. Louisiana Workforce Commission Documents

Defendant seeks to exclude "unemployment forms" from the Louisiana Workforce Commission.[1] (Doc. 77-2). Defendant argues that the unemployment forms are "inadmissible hearsay, irrelevant, highly prejudicial, and should be excluded at trial of this matter." (Doc. 77-1, p. 1).

### 1. Relevance

First, Defendant argues that information regarding Defendant's decision not to respond to Plaintiff's unemployment claim should be excluded because it is irrelevant. (Doc. 77-1, p. 2). Defendant explains that the issue in this case is whether Plaintiff was terminated for legitimate, non-retaliatory reasons or whether he was terminated in violation of the Louisiana Whistleblower statute. (*Id.*). Defendant contends that its decision not to respond to Plaintiff's unemployment claim has no tendency to make Plaintiff's allegation that he "would not have been terminated but-for his protected conduct under [the Louisiana Whistleblower Statute] more or less

---

[1] The evidence at issue is a seven-page document from the Louisiana Workforce Commission addressing "important information about [Plaintiff's] unemployment claim deductible income," "instructions and options for filing an appeal[]," "important information about [Plaintiff's] unemployment claim qualifying separation determination," and "notice of unemployment claim filed[]." (Doc. 77-2).

true." (*Id.*).

Contrarily, Plaintiff argues that evidence regarding Defendant's failure to respond to Plaintiff's unemployment claim is relevant because it rebuts Defendant's asserted legitimate, non-retaliatory reasons for Plaintiff's termination.[2] (Doc. 83, p. 1). Plaintiff seeks to introduce the documents to establish a single fact— that Defendant did not contest Plaintiff's eligibility for unemployment. (*Id.* at p. 2). Plaintiff explains that had Defendant responded to the Louisiana Workforce Commission with non-retaliatory reasons for terminating Plaintiff, it would have been relieved from any liability for Plaintiff's unemployment benefits. (*Id.* at p. 2–3). Accordingly, Plaintiff argues that the evidence is relevant "because it calls into question Defendant's later claims that it had a non-retaliatory basis for [Plaintiff's] termination." (*Id.* at p. 3).

Rule 401 defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Evidence which is not relevant is not admissible. Fed. R. Evid. 402. Implicit in the above definition are two distinct requirements: (1) the evidence must be probative of the proposition it is offered to prove; and (2) the proposition to be proved must be one that is of consequence to the determination of the action. *Nale v. Finley*, No. 3:19-CV-00473, 2020 WL 7213000, at *2 (W.D. La. Dec. 7, 2020) (citing

---

[2] Plaintiff states that Defendant's "primary defense in this case is that it terminated [Plaintiff] not because of his protected acts in refusing to dilute a water sample and reporting that illegal request to his supervisor, but rather because of his alleged inadequate work performance and inappropriate workplace conduct. . ." (Doc. 83, p. 3).

*United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981)). Here, the Louisiana Workforce Commission documents have a tendency to make a fact—whether Defendant responded to Plaintiff's unemployment claim—more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. Defendant's lack of response to Plaintiff's unemployment claim is a fact of consequence because it bears on whether and when Defendant had legitimate, non-retaliatory reasons for terminating Plaintiff, a central issue in this employment retaliation case. *See id.* Accordingly, the Court finds that the Louisiana Workforce Commission documents are relevant.

### 2. Hearsay

Second, Defendant argues that the Louisiana Workforce Commission documents are inadmissible hearsay. (Doc. 77-1, p. 1). Plaintiff responds that the documents are not hearsay because they fall within the public records exception to the general prohibition against hearsay. Fed. R. Evid. 803(8). (Doc. 83, p. 1). Federal Rule of Evidence 803(8) excepts the following from the rule against hearsay:

> A record or statement of a public office if:
>
> (A) it sets out:
>
>> (i)    the office's activities;
>>
>> (ii)   a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
>>
>> (iii)  in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and

6

          (B) the opponent does not show that the source of information or
            other circumstances indicate a lack of trustworthiness.

Fed. R. Evid. 803(8).

Under this rule, a proponent of a document must show that the document (1) was "prepared by a public office;" and (2) "set[ ] out information as specified in the Rule." Advisory Committee Note to Fed. R. Evid. 803(8). When the proponent satisfies these requirements, "the burden is on the opponent to show that the source of information or other circumstances indicate a lack of trustworthiness." *Id.*; *see also Cooper v. Meritor, Inc.*, 363 F. Supp. 3d 695, 698 (N.D. Miss. 2019). Here, Plaintiff asserts that the documents were prepared by the Louisiana Workforce Commission pursuant to the agency's official duties under Louisiana law. (Doc. 83, p. 1). Plaintiff also explains that the documents set out factual statements regarding the agency's investigation into Plaintiff's entitlement to unemployment benefits. (*Id.*). Plaintiff has satisfied the requirements of Federal Rule of Evidence 803(8)(A).

Accordingly, the burden shifts to Defendant to show that the source of the information or other circumstances indicate a lack of trustworthiness. *See* Advisory Committee Note to Fed. R. Evid. 803(8); *see also* Fed. R. Evid. 803(8)(B). Defendant has made no argument regarding the trustworthiness of the documents, but merely vaguely contends that the documents are "hearsay." (Doc. 77-1, p. 1, 3). Defendant has not satisfied its burden of showing a lack of trustworthiness. *See* Fed. R. Evid. 803(8)(B). The Court therefore finds that the Louisiana Workforce Commission documents fall squarely into the public records exception to the general rule against hearsay provided in Federal Rule of Evidence 803(8).

7

### 3. Louisiana Law

Third, Defendant relies on Louisiana Revised Statutes § 23:1636 to seek exclusion of the Louisiana Workforce Commission documents. Section 1636 provides the following:

> [N]o findings of fact or law, judgment, opinion, conclusion, or final order made by an unemployment compensation hearing officer, administrative law judge, or any person with the authority to make findings of fact or law in any action or proceeding pursuant to the administration of this Chapter shall be conclusive or binding in any separate or subsequent action or proceeding.[3]

Defendant contends that any findings of fact, opinions, conclusions, or final orders from the Louisiana Workforce Commission concerning Plaintiff's unemployment claim should be excluded. (Doc. 77-1, p. 2).

Plaintiff responds that Section 1636 does not act as an absolute prohibition on the introduction of otherwise relevant and admissible evidence related to an unemployment claim. (Doc. 83, p. 2). Specifically, Plaintiff argues that he does not seek to introduce the documents as conclusive evidence of any fact at issue or to establish the Louisiana Workforce Commission's findings as "preclusive" in this

---

[3] La. Rev. Stat. § 23:1636 states in full:

> Notwithstanding any provision in this Chapter relative to conclusiveness and finality of administrative determinations, no findings of fact or law, judgment, opinion, conclusion, or final order made by an unemployment compensation hearing officer, administrative law judge, or any person with the authority to make findings of fact or law in any action or proceeding pursuant to the administration of this Chapter shall be conclusive or binding in any separate or subsequent action or proceeding. Said determinations shall not be used as conclusive evidence in any separate or subsequent action or proceeding between an individual and his or her present or prior employer brought before an arbitrator, court, or judge of the state of Louisiana or the United States, regardless of whether the prior action was between the same or related parties or involved the same facts.

matter. (*Id.*). Just because the documents are not to be given conclusive effect, Plaintiff argues, does not mean that the documents are not relevant. (*Id.*). The Court agrees.

This matter is set for a bench trial. The Court will properly weigh the evidence at the time of trial, recognizing that the Louisiana Workforce Commission documents are not "conclusive evidence." *See* La. Rev. Stat. § 23:1636.

### 4. Prejudice

Fourth, Defendant argues that if the documents are not hearsay and are found to be relevant, the probative value of such information is substantially outweighed by the danger of unfair prejudice and confusion pursuant to Federal Rule of Evidence 403. (Doc. 77-1, p. 1, 3). Plaintiff responds that considerations of unfair prejudice and confusion are not applicable when the evidence will be considered by the Court and not by a jury. (Doc. 83, p. 4). Again, the Court agrees. The Fifth Circuit has noted that for bench trials, as here, "excluding relevant evidence on the basis of 'unfair prejudice' is a useless procedure." *Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. Unit A, 1981). When ruling on admissibility under Rule 403 in a jury trial, a judge is expected to discern and weigh improper inferences that a jury might draw from certain evidence. *Id.* In a bench trial "the same judge can also exclude those improper inferences from his mind in reaching a decision." *Id.* Accordingly, the Court will not exclude the Louisiana Workforce Commission documents based on undue prejudice or confusion. The Court finds that the Louisiana Workforce Commission documents are admissible. (Doc. 77-2).

### ii. Louisiana Department of Environmental Quality Documents

Defendant also seeks to exclude any testimony or evidence concerning Louisiana Department of Environmental Quality documents because they are inadmissible hearsay and irrelevant. (Doc. 77-1, p. 7; Doc. 77-6–Doc. 77-8). Alternatively, Defendant argues that the probative value of the LDEQ documents is substantially outweighed by the risk of unfair prejudice and confusion. (Doc. 77-1, p. 7).

Plaintiff responds that these documents fall into the public records exception to the hearsay rule provided in Federal Rule of Evidence 803(8). (Doc. 83, p. 10). Additionally, Plaintiff asserts that the documents are relevant because the documents tend to show that Defendant had a motive for asking Plaintiff to dilute water samples, since further violations could result in additional enforcement action by LDEQ. (*Id.*). Plaintiff contends that the evidence is therefore probative of Defendant's true, retaliatory reasons for terminating Plaintiff. (*Id.*).

As with the Louisiana Workforce Commission documents, the documents are created by a public office and describe information related to factual findings from a legally authorized investigation. *See* Fed. R. Evid. 803(8); *see also* Advisory Committee Note to Fed. R. Evid. 803(8). Defendant does not argue that the documents contain a lack of trustworthiness. *Id.*; *see also Cooper v. Meritor, Inc.*, 363 F. Supp. 3d 695, 698 (N.D. Miss. 2019). Therefore, the records fall into the public records exception to the general rule against hearsay. Fed. R. Evid. 803(8).

The LDEQ documents are relevant because they have a tendency to make a

fact of consequence—Defendant's motive—more or less probable than it would be without the evidence. Fed. R. Evid. 401. As previously noted, excluding the LDEQ documents based on unfair prejudice or confusion would be a "useless procedure" for a bench trial. *See Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. Unit A, 1981). Accordingly, the Court finds that the LDEQ documents are admissible. (Doc. 77-6–Doc. 77-8).

### iii. Plaintiff's Telephone Calls with Brogan Smith and Matthew Fitzgerald

Finally, Defendant seeks to exclude Plaintiff's telephone calls with Brogan Smith and Matthew Fitzgerald, including the purported transcripts of the telephone calls and any statements or information contained therein. (Doc. 77-3–Doc. 77-4). Because the parties present similar arguments regarding both telephone calls, the Court will address them together.

Defendant argues, and Plaintiff concedes, that the transcripts are hearsay, but Plaintiff seeks to "reserve his rights" to introduce the transcript for "any other purposes that may be allowed under the law, including to the extent it might be admissible for impeachment." (Doc. 77-1, p. 4–7; Doc. 83, p. 5, 7). Because the parties agree that the transcripts are hearsay, the Court will exclude the purported transcripts of Plaintiff's telephone calls with Smith and Fitzgerald. (Doc. 77-3–Doc. 77-4).

To the extent that Plaintiff seeks to introduce specific information or statements from the telephone calls through Plaintiff's testimony, the Court will address the hearsay exceptions raised by Plaintiff, as well as Defendant's arguments

11

regarding inadmissibility, at that time.[4] Additionally, the Court will consider whether certain information or statements may be admissible for impeachment purposes at the time of trial. With nearly two hundred pages of transcripts of Plaintiff's telephone calls, it is impractical for the Court to determine the admissibility of each statement at this time without clarity as to which statements Plaintiff seeks to introduce or whether the reasons for seeking admission are permissible under the Rules of Evidence. (*See* Doc. 77-3–Doc. 77-4).

### b. Plaintiff's Motion in Limine

Plaintiff seeks to exclude a photograph showing his fiancé's hemorrhoids.[5] (Doc. 78-1, p. 2; Doc. 74-2). Plaintiff asserts that his fiancé was pregnant at that time and "sent the picture to [Plaintiff] to get his opinion on whether she should seek medical treatment for her pregnancy-related condition." (Doc. 78-1, p. 2). Defendant asserts that Plaintiff showed this photograph to a co-worker. (Doc. 82-1, p. 1). Defendant points to Plaintiff's alleged action of showing the photograph to the co-worker as an instance of inappropriate conduct and one of its reasons for terminating Plaintiff's employment. (*Id.*).

---

[4] Plaintiff argues that he could properly admit information contained in the transcripts by testifying about what he was told. (Doc. 83, p. 5). Plaintiff asserts that information contained in the transcripts, if properly admitted, falls within the following hearsay exceptions: (1) an opposing party's statement pursuant to Rule 801(d)(2)(D); (2) a statement against interest pursuant to Rule 804(b)(3); and (3) evidence of habit pursuant to Rule 404. (Doc. 83, p. 5–10).

Defendant contends that any evidence concerning the recorded telephone calls should be excluded as inadmissible hearsay. (Doc. 77-1, p. 4–7). Additionally, Defendant argues that, pursuant to Rule 404, Plaintiff should not be permitted to introduce character or reputation evidence contained in the transcript of the Fitzgerald telephone call regarding Perry Berthelot, the individual Plaintiff contends retaliated against him. (*Id.* at p. 5).

[5] The photograph is identified as Exhibit 53 on Defendant's Trial Exhibit List.

Plaintiff argues that there is no dispute as to what the photograph depicts because the parties have stipulated that the photograph contains the very type of images Defendant claims would have been a basis for termination. (Doc. 78-1, p. 2–4). The disputed fact here is whether Plaintiff showed the photograph to a co-worker, not the image depicted in the photograph. (*Id.* at p. 2). Accordingly, Plaintiff argues that the photograph need not be introduced. (*Id.* at p. 4).

Defendant argues that the photograph is relevant because it has a tendency to make "the only fact of consequence in determining this action—i.e. one of [Defendant's] reasons for terminating Plaintiff's employment because he engaged in inappropriate conduct by showing the [p]hotograph to a co[-]worker,[] more probable than it would be without the [p]hotograph. . ." (Doc. 82-1, p. 1). Defendant also asserts that the photograph is relevant to Plaintiff's credibility because Plaintiff maintains that he did not show the photograph to his co-worker. (*Id.*). Finally, Defendant argues that introducing the photograph at trial does not present any danger of wasting time or presenting cumulative evidence, but even if such dangers were present, they do not substantially outweigh the photograph's probative value in establishing that Defendant's reasons for terminating Plaintiff were not a pretext for retaliation. (*Id.*).

The Court finds that the photo is relevant because it has a tendency to make a fact—here, Defendant's reasons for terminating Plaintiff's employment—more or less probable than it would be without the evidence. Fed. R. Evid. 401. This fact is of consequence. *See id.* Accordingly, the Court finds that the photograph is admissible. The Court is aware of Plaintiff's concerns regarding the personal nature of the

photograph. However, the Court will allow Plaintiff to move for introduction of the photograph under seal and for review *in camera*.

**IV.   CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant's **Motion In Limine (Doc. 77)** is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Louisiana Workforce Commission documents (Doc. 77-2) and the Louisiana Department of Environmental Quality documents (Doc. 77-6; Doc. 77-7; Doc. 77-8) are deemed **ADMISSIBLE**.

**IT IS FURTHER ORDERED** that the transcripts of Plaintiff's telephone calls with Brogan Smith (Doc. 77-3) and Matthew Fitzgerald (Doc. 77-4) are deemed **INADMISSIBLE**.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion In Limine To Exclude Introduction Of Photograph (Doc. 78)** is **DENIED**.

**IT IS FURTHER ORDERED** that the photograph identified as Exhibit 53 on Defendant's Trial Exhibit List is deemed **ADMISSIBLE**.

Baton Rouge, Louisiana, this 3rd day of March, 2021

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

14